ANDREW J. MANN

v.

JUDAH E. EDWARDS.

*Contracts—Joint and Several—Action on—Plea of Non Est Factum—Former Adjudication.*

A judgment in favor of two obligors in a joint and several contract, in an action thereon is a bar to a subsequent suit on the same against one of the obligors.

[Opinion filed February 4, 1890.]

IN ERROR to the Circuit Court of Williamson County; the Hon. OLIVER A. HARKER, Judge, presiding.

Prior to 1882 the firm of Mann & Edwards were owners of mill property in Marion, Illinois. That firm was A. J. Mann and C. M. Edwards, Edwards owning two-thirds and Mann one-third interest in the mill; Judah E. Edwards purchased of C. M. Edwards, her husband, a one-third interest in the mill. C. M. Edwards died intestate, and the milling business was conducted by John D. Edwards, the son of C. M. Edwards, and by A. J. Mann. They being involved, Mann sold and conveyed his interest to Judah E. Edwards. The payment for Mann's interest in the mill property was to be made by Mrs. Edwards, by the payment of numerous debts mentioned in a contract made between the parties, which debts were owing by Mann & Edwards. One debt, owing to Pace, Goddard & Co., for about $450, was not mentioned in that agreement, and was subsequently inserted in the absence of Mrs. Edwards. The controversy was as to whether she had assented to it in person or by her agent, or not. The contract as originally made was signed by Judah E. Edwards and John D. Edwards of the first part, and A. J. Mann of the second part.

This suit is brought on that contract so made between Mann of the one part, and Judah E. and John D. Edwards of the other part. The defendant, Judah E. Edwards, pleaded *non est factum* and also pleaded former recovery. The evidence shows that at the November term, 1884, suit was instituted by A. J. Mann against Judah E. Edwards and John D. Edwards in an action of assumpsit on the same contract involved in this case, seeking a recovery for the same matter as here involved, on which there was a trial, a verdict and judgment for defendant. Upon the trial of the present action in the court below verdict and judgment were for the defendant. Plaintiff sues out his writ of error and brings the record to this court.

Mr. W. H. WARDER, for plaintiff in error.

A judgment in the proceeding against two defendants on a

joint and several contract is not a bar to a subsequent suit
against one of the defendants, the plaintiff being unsuccessful
in the first suit.   People v. Harrison, 82 Ill. 86; Freeman on
Judgments, Sec. 235; 1 Greenl. Ev., Sec. 539 a; Moore v.
Rogers, 19 Ill. 348; Bigelow on Est., 2d Ed., 53, 54.

Where all of the makers of a joint and several contract are
sued jointly, the issue is not the same, that is, where the suit is
against one of the makers alone.   Where several parties are
made  defendants in an action *ex contractu*, the recovery must
be against all that are served, or appear to the suit, or there
can be a recovery against none, unless there is some personal
defense put in, as minority, bankruptcy, and the like, as to
some of the defendants.   Russell v. Hogan, 1 Scam. 552;
Faulk v. Kellums, 54 Ill. 191; Felsenthal v. Durant, 86 Ill.
232.

When the plaintiff sues all the makers he thereby treats
them as joint makers, and the rule as to joint contracts pre-
vails.   Where the principle of *res adjudicata* is invoked it is
indispensable that the parties in the two suits shall be the
same.   McCormick v. Bauer, 122 Ill. 579.

In  the record, admitted improperly as evidence, as we
claim, the  parties are not the same as in this suit; neither is
there an identity as to the issue tried.   The issue in the first
suit, requiring the plaintiff to prove two defendants jointly
liable, is not identical with a suit wherein the plaintiff alleges
the liability of one defendant.

Messrs. F. M. YOUNGBLOOD, J. C. EDWARDS and JAMES M.
WASHBURNE, for defendant in error.

PHILLIPS, J.   Two questions are presented by this record.
One on the plea of *non est factum*.   While there is a sharp
conflict in the evidence, we can not hold that it preponderates
in favor of plaintiff in error on that issue.

It is clear that the trial court was warranted in finding for
the defendant  under the evidence in the cause.   The fact
that the written contract sued on in this case, signed by
John D. and Judah E. Edwards of the one part, and A.

J. Mann of the other, was sued on in a court of competent jurisdiction by this plaintiff, against the defendant, Judah E. Edwards, in this case, and then impleaded with John D. Edwards, and on trial of that suit a verdict was entered for defendants on the same subject-matter as here involved, between the same parties as here, and in the same relation to each other, except that John D. Edwards was then impleaded with Judah E. Edwards, is a conceded fact. It must be held that the recovery in that case in favor of Judah E. and John D. Edwards, on this same contract, is a complete bar against a recovery for the same subject-matter on the same contract against Judah E. Edwards, as the contract was joint and several.

We find no error in the record. The judgment is affirmed.

*Judgment affirmed.*